United States District Court
Southern District of Texas
**ENTERED**
August 24, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUILLERMO DURON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-0445 |
| | § | |
| PITTMAN TRUCKING, INC. | § | |
| and JACOB WEAVER, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Guillermo Duron ("Plaintiff") seeks damages from defendants Pittman Trucking, Inc. ("Pittman") and Jacob Weaver ("Weaver") (collectively, "Defendants") for negligently causing his injuries in a car accident.[1] Plaintiff brings direct-negligence causes of action against Pittman, alleging that Pittman was negligent in hiring, training, supervising, retaining, monitoring, and entrusting Weaver.[2] Pending before the court is Defendant Pittman Trucking Inc.'s Motion for Summary Judgment on Plaintiff's Direct Negligence Claims ("Pittman's MSJ") (Docket Entry No. 23). For the reasons explained below, Pittman's MSJ will be granted.

---

[1] Docket Entry No. 7, p. 2 ¶ 6; p. 9 ¶ 38. All page numbers for docket entries  the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] at 5-8 ¶¶ 22-33.

## I.  Factual and Procedural Background

The relevant facts are not disputed.  Plaintiff is a resident of Texas; Pittman is a foreign corporation; Weaver is a resident of North Carolina.[3]  On or about October 10, 2019, Weaver was operating a commercial truck in the course and scope of his employment with Pittman.[4]  Plaintiff and Weaver were traveling southbound on Highway 59 when their vehicles collided.[5]

On December 30, 2019, Plaintiff brought this action in the 334th Judicial District of Harris County, Texas, alleging "severe bodily injuries" as a result of the accident.[6]  Plaintiff alleged negligence, gross negligence, negligence per se, and liability under an agency theory against both Defendants.[7]  Plaintiff also alleged that Pittman was liable under theories of respondeat superior and ratification.[8]  Plaintiff also brought several direct-negligence claims against Pittman, alleging that Pittman was

---

[3]Plaintiff's First Amended Complaint, Docket Entry No. 7, p. 2 ¶¶ 3-5.

[4]Id. at 2 ¶¶ 6-7; Pittman Trucking, Inc. and Jacob Weaver's Amended Answer to Plaintiff's Original Petition ("Defendants' Amended Answer"), Docket Entry No. 12, p. 2 ¶¶ 6-7.

[5]Plaintiff's First Amended Complaint, Docket Entry No. 7, p. 2 ¶ 8; Defendants' Amended Answer, Docket Entry No. 12, p. 2 ¶ 8.

[6]Plaintiff's Original Petition, Exhibit C to Defendants Pittman Trucking, Inc. and Jacob Weaver's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-4, p. 3 ¶ 7.

[7]Id. at 4-5 ¶¶ 9-16.

[8]Id. at 5-6 ¶¶ 17-21; 10 ¶¶ 41-43.

negligent in hiring, training, supervising, retaining, monitoring, and entrusting Weaver.[9]

The summary judgment evidence establishes that Weaver applied to work at Pittman in April of 2017.[10] Pittman obtained a copy of Weaver's Commercial Driver's License and his recent employment history.[11] When Weaver applied to work for Pittman he had been driving commercial trucks for approximately fifteen years.[12] Pittman independently verified Weaver's driving record, which reflected no accidents and no moving violations since 2002.[13] Weaver first obtained his driver's license in 1994.[14] Following his hiring by Pittman, Weaver received no tickets for moving violations and was involved in no at-fault accidents before the accident at issue.[15]

---

[9]Id. at 6-10 ¶¶ 25-40.

[10]Application for Employment, Exhibit 2A to Pittman's MSJ, Docket Entry No. 23-3, p. 3.

[11]See Declaration of Rick Pittman, Exhibit 2 to Pittman's MSJ, Docket Entry No. 23-2; Driver Qualification File, Exhibit 2A to Pittman's MSJ, Docket Entry No. 23-3, pp. 1, 4-5.

[12]Pittman's MSJ, Docket Entry No. 23, p. 2 ¶ 4; Driver Qualification File, Exhibit 2A to Pittman's MSJ, Docket Entry No. 23-3, p. 5 (stating that Weaver had been driving tractor and semi-trailer trucks since 2002); Oral Videotaped Deposition of Jacob Weaver ("Weaver Deposition"), Exhibit 3 to Pittman's MSJ, Docket Entry No. 23-10, p. 5, lines 17:11-13.

[13]2017 North Carolina Division of Motor Vehicles RDLSI/Driving Record Check, Exhibit 2B to Pittman's MSJ, Docket Entry No. 23-4.

[14]Id.

[15]2018 North Carolina Division of Motor Vehicles RDLSI/Driving Record Check, Exhibit 2C to Pittman's MSJ, Docket Entry No. 23-5; 2019 North Carolina Division of Motor Vehicles RDLSI/Driving Record
(continued...)

Defendants removed the case to this court on February 10, 2020.[16]  Plaintiff filed an amended complaint on March 9, 2020.[17] The amended complaint dropped Plaintiff's gross negligence claim and instead alleged only ordinary negligence.  Defendants filed an answer on March 23, 2020.[18]  Pittman filed its MSJ on July 1, 2021.[19] Plaintiff responded on July 22, 2021,[20] and Pittman replied on July 26, 2021.[21]

## II.  Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

---

[15](...continued)
Check, Exhibit 2D to Pittman's MSJ, Docket Entry No. 23-6; Motor Vehicle Certification of Violations and Annual Review of Driving Record, Exhibit 2E to Pittman's MSJ, Docket Entry No. 23-7; Weaver Deposition, Exhibit 3 to Pittman's MSJ, Docket Entry No. 23-10, pp. 17-18 lines 28:13-29:16 (Weaver's trailer was hit in 2018 by a driver with a learner's permit who ran a stop sign, but Weaver was not cited for that incident.).

[16]Notice of Removal, Docket Entry No. 1.

[17]Plaintiff's First Amended Complaint, Docket Entry No. 7.

[18]Defendants' Amended Answer, Docket Entry No. 12.

[19]Pittman's MSJ, Docket Entry No. 23.

[20]Plaintiff's Response to Defendant Pittman Trucking, Inc.'s Motion for Summary Judgment on Plaintiff's Direct Negligence Claims ("Plaintiff's Response"), Docket Entry No. 34.

[21]Defendant Pittman Trucking, Inc.'s Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment on Plaintiff's Direct Negligence Claims ("Pittman's Reply"), Docket Entry No. 35.

A material fact is one that might affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not <u>negate</u> the elements of the nonmovant's case." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting <u>Celotex,</u> 106 S. Ct. at 2553). If the moving party meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." <u>Id.</u> "[C]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." <u>Duffy v. Leading Edge Products, Inc.</u>, 44 F.3d 308, 312 (5th Cir. 1995). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." <u>Little,</u> 37 F.3d at 1075.

## III.  Analysis

### A.  Pittman Had No Reason to Doubt Weaver's Competence

Plaintiff alleges that Pittman was negligent in hiring, supervising, retaining, monitoring, and entrusting Weaver.[22]

"Texas law allows recovery for negligent hiring and supervision in cases where the employer's direct negligence in hiring or retaining an incompetent employee whom the employer knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." Garcia v. Hospice of El Paso, No. EP 02-CA-268-DB, 2003 WL 21961177, at *5 (W.D. Tex. May 20, 2003) (citing Wise v. Complete Staffing Services, Inc., 56 S.W.3d 900, 902 (Tex. App.—Texarkana 2001, no pet.)).

To prevail on a negligent entrustment claim in the commercial driving context, a plaintiff must prove (1) the entrustment of a vehicle by the owner (2) to an unlicensed, incompetent, or reckless driver (3) that the owner knew or should have known to be unlicensed, incompetent or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident and plaintiff's injuries. Goodyear Tire and Rubber Co. v. Mayes, 236 S.W.3d 754, 758 (Tex. 2007).

---

[22]Plaintiff's First Amended Complaint, Docket Entry No. 7, pp. 5-6 ¶¶ 22-24; pp. 7-8 ¶¶ 28-33.

When Weaver was hired he had a valid Commercial Driver's License, over fifteen years of experience driving commercial trucks, and a driving record that showed no accidents and no moving violations since 2002.[23]   Nothing in the record suggests that Pittman knew, or by the exercise of reasonable care should have known, that Weaver was incompetent or unfit to drive a commercial truck. Pittman has thus met its initial summary-judgment burden by demonstrating that Plaintiff has "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 106 S. Ct. at 2552.

The burden accordingly shifts to Plaintiff, who must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Little, 37 F.3d at 1075. Plaintiff has not done this. Plaintiff asserts that Weaver was "an unlicensed, unqualified driver[,]"[24] but offers no specific facts to support this assertion. "[C]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy, 44 F.3d at 312.

The court concludes that Plaintiff's claims for negligent entrustment, negligent hiring, and negligent supervision, retention, and monitoring   fail as a matter of law. Pittman's MSJ will be granted as to those claims.

---

[23]See footnotes 11-13, supra.

[24]Plaintiff's Response, Docket Entry No. 34, p. 14.

-7-

## B.    Weaver's Experience Precludes a Negligent Training Claim

Plaintiff alleges that Pittman was negligent in training Weaver.[25]

"To establish a claim for negligent training, a plaintiff must prove that a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries." Dangerfield v. Ormsby, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.).  "[A]n employer's duty to instruct applies to an inexperienced employee, but not to one who is experienced in the work he is assigned." Allen v. A & T Transportation Co., Inc., 79 S.W.3d 65, 70 (Tex. App.—Texarkana 2002, pet. denied).

The uncontroverted evidence establishes that Weaver had about fifteen years of commercial truck driving experience when Pittman hired him.[26]   Because he was not an "inexperienced employee," Pittman had no duty to instruct him. See Allen, 79 S.W.3d at 70. Plaintiff's negligent training claim fails as a matter of law.

## C.    Respondeat Superior Precludes Direct Negligence

"Where only ordinary negligence is alleged . . . negligent hiring or negligent entrustment and respondeat superior are mutually exclusive modes of recovery." Rosell v. Central West Motor Stages, Inc., 89 S.W.3d 643, 654 (Tex. App.—Dallas, 2002) (citing Estate of Arrington v. Fields, 578 S.W.2d 173, 178 (Tex.

---

[25]Plaintiff's First Amended Complaint, Docket Entry No. 7, p. 6 ¶¶ 25-27.

[26]See footnote 12, supra.

-8-

Civ. App.—Tyler 1979, writ ref'd n.r.e.)).   "'Once the applica-
bility of the respondeat superior doctrine is established, the
competence or incompetence of the [employee] and the care which was
exercised in his employment are immaterial issues.'"   <u>Sanchez v.
Transportes Internacionales Tamaulipecos S.A. de C.V.</u>, Civil Action
No. 7:16-CV-354, 2017 WL 3671089, at *2 (S.D. Tex. July 20, 2017)
(quoting <u>Arrington,</u> 578 S.W.2d at 178).

    Plaintiff's First Amended Complaint alleges only ordinary
negligence, not gross negligence.[27] Defendants have stipulated that
at the time of the collision Weaver was acting in the course and
scope of his employment for Pittman and operating a company
vehicle.[28]  The care that Pittman exercised in Weaver's employment
is therefore immaterial, <u>see Arrington,</u> 578 S.W.2d at 178, and
Plaintiff's direct-negligence claims also fail as a matter of law
for this reason.

## IV.   <u>Conclusion and Order</u>

    For the reasons explained above, Defendant Pittman Trucking,
Inc.'s Motion for Summary Judgment on Plaintiff's Direct Negligence
Claims (Docket Entry No. 23) is **GRANTED.**

    **SIGNED** at Houston, Texas, on this 24th day of August, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[27]<u>See</u> Plaintiff's First Amended Complaint, Docket Entry No. 7.

[28]Amended Answer, Docket Entry No. 12, p. 2 ¶ 7.